IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST SMALIS, DESPINA SMALIS, )
LIPSOSS CORP CONSTRUCTORS, )
                                                                                    ) Civil Action No. 15-1412
                  Plaintiffs, ) Judge David S. Cercone/
                                                                                 ) Chief Magistrate Judge Maureen P. Kelly
                      v. )
                                                                                  )
CITY OF PITTSBURGH, DEPARTMENT )
OF PUBLIC WORKS, MARCO A. MACHI, ) ECF Nos. 25 and 29
CHRISTINE MACHI, and EXERCISE )
WAREHOUSE, )
                                                                                  )
                  Defendants.

## **REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Presently before the Court are two Motions to Dismiss. In the first Motion to Dismiss, Defendants Marco A. Machi ("Machi"), Christine Machi and Exercise Warehouse (collectively, "the Machi Defendants"), seek dismissal of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(5)[1] and (b)(6)[2]. ECF No. 25. In the second Motion to Dismiss Defendants City of Pittsburgh and Department of Public Works (collectively, "the

---

[1] The portion of the Motion to Dismiss based on Rule 12(b)(5) was rendered moot by service made on February 6, 2016. ECF No. 35.
[2] The title of the Motion to Dismiss also refers to Rule 12(b)(7), but that rule is not raised as a basis for dismissal.

City"), seek dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)[3] and (b)(6).  ECF No. 29.

For the following reasons, it is respectfully recommended that the Motions to Dismiss, ECF Nos. 25 and 29, be denied.

**II.    REPORT**

   **A.    FACTUAL AND PROCEDURAL BACKGROUND**

The subjects of this lawsuit are seven lots previously owned by Plaintiffs Ernest Smalis and Despina Smalis which are currently owned by Plaintiff Lipsoss Constructors, a company of which Ernest Smalis is president.  The gravamen of the suit is Defendants' alleged infringement upon Plaintiffs' constitutional rights to this property.

Plaintiffs Ernest Smalis and Lipsoss Constructors filed an initial Complaint in this case on November 10, 2015.  ECF No. 4.  The operative Amended Complaint was filed by Plaintiffs Ernest Smalis, Despina Smalis and Lipsoss Corp Constructors ("Plaintiffs") on December 21, 2015.  ECF No. 21.  The Machi Defendants filed their Motion to Dismiss and Brief in Support on January 6, 2016.  ECF Nos. 25-26.  Plaintiffs filed a Response in Opposition to the Machi Defendants' Motion to Dismiss on January 25, 2016.  ECF No. 28.  The City filed a Motion to Dismiss and a Brief in Support on January 28, 2016.  ECF Nos. 29-30.  Plaintiffs filed their Response in Opposition thereto on February 18, 2016.  ECF No. 36.  The Motions to Dismiss are now ripe for review.

---

[3] The title of the Motion to Dismiss does not refer to Rule 12(b)(1), but the brief in support thereof, both in title and in substance, indicates that Rule 12(b)(1) is an additional basis upon which the City seeks relief.  The title of the brief additionally refers to Rule 12(b)(7), but that rule is not raised therein as a basis for dismissal.

### B. STANDARD OF REVIEW

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter of the litigation or if the plaintiff lacks standing to bring his claim. Where, as here, there is a challenge to the sufficiency of the well-pleaded allegations insofar as they provide a basis for the court's exercise of subject-matter jurisdiction, the court treats the complaint's well-pleaded jurisdictional facts as true and view them in the light most favorable to the plaintiff. Stovic v. U.S. R.R. Ret. Bd., 2013 WL 4829225, at *2 (W.D. Pa. Sept. 10, 2013) (citing NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001)). Dismissal pursuant to a facial attack "is proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id. (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991)) (internal quotes omitted).

#### 2. Rule 12(b)(6)

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the

necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

### C. DISCUSSION

#### 1. The City

##### a. Factual Allegations

The Amended Complaint contains the following allegations. Plaintiffs Ernest and Despina Smalis purchased the subject lots in 1988.[4] ECF No. 21 ¶ 17. At that time, the lots were designated under "state code" as "residential" with the "use code" of "vacant land." Id. ¶ 18. Soon after the purchase, "Plaintiffs"[5] parked their company vehicle on the lots, but the City began towing the vehicles away. Id. ¶ 19. The City informed "Plaintiffs" that a valid Certificate of Occupancy was necessary in order to park vehicles on the lots. Id. ¶ 20. Until "Plaintiffs" could obtain such certificate, they erected barriers and signs prohibiting parking on the lots and indicating that the lots were private property. Id. ¶ 21.

In December of 1999, Plaintiff Ernest Smalis was incarcerated in the Allegheny County Jail. On December 21, 1999, Plaintiff Ernest Smalis sent a letter to the Allegheny County Real

---

[4] The Amended Complaint identifies the 1988 purchasers as "Plaintiffs." ECF No. 21 ¶ 17. A search on the Allegheny County Real Estate Portal, http://www2.county.allegheny.pa.us/RealEstate/Search.aspx, indicates that the 1988 purchasers were Plaintiffs Ernest and Despina Smalis.

[5] The Amended Complaint contains multiple references to "Plaintiffs" where it is clear that the subject(s) of the references cannot be all Plaintiffs. The Court has designated such references with quotation marks.

4

Estate Taxes Department containing a notification of his new address. Id. ¶ 24.[6] The City did not forward any real estate-related mail to Plaintiff in jail. Id. ¶ 25.

In 2009, Plaintiff Ernest Smalis was released from jail whereupon he discovered that the City had been parking its trucks on the lots for "the better part of a decade," damaging the land. Id. ¶ 26.

In 2012, the lots were sold to Plaintiff Lipsoss Corp Constructors. Id. ¶ 27. In 2015, "Plaintiffs" planned to develop the lots but were prohibited from doing so due to a rezoning of the lots into "hillside." Id. ¶ 28. The rezoning had occurred in 2005, during Plaintiff Ernest Smalis's incarceration, but "Plaintiffs" had not been provided notice of the rezoning. Id. ¶¶ 29-30.

The individual lots do not meet the minimum size required to develop hillside lots. Id. ¶ 33. Additionally, the City has denied "Plaintiffs" a towing permit to have unauthorized vehicle removed from the lots. Id. ¶ 25. The City has used the lots for its own purposes at various times, including on May 4, 2015, when "Plaintiffs" observed a City truck parked on the lots. Id. ¶¶ 36-43.

### b. Claims

Plaintiffs set forth the following claims against the City: (1) Count I: "Violation of Fourteenth Amendment Procedural Due Process Rights" concerning the City's failure to afford notice and a hearing of the rezoning of the lots; (2) Count II: "Violation of the Fifth Amendment Takings Clause" concerning "Plaintiffs'" loss of economically viable use of the lots, "Plaintiffs'"

---

[6] In the Amended Complaint, Plaintiffs allege that Plaintiff Ernest Smalis notified the County Real Estate Taxes Department via this letter that "all mail related to his property was to be sent to his new address at the Allegheny County Jail." ECF No. 21 ¶ 24. However, Plaintiffs attach to their Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint two letters, one dated December 21, 1999, in which Plaintiff Ernest Smalis advises of his new address "for all Real Estate Property Taxes . . . and any changes to assessments," ECF No. 36-1 at 2, and one which is undated, in which Plaintiff Ernest Smalis advises of his new address "for all Real Estate Property Taxes . . . and any changes to assessment." Id. at 1. The significance of the multiple letters is not explained. It is noted that neither letter contains identifying information as to any property to which it applies.

5

inability to exclude trespassers and the City's use of the lots without compensating "Plaintiffs" for such use; and (3) Count IV: "Trespass," a state law claim concerning 25 years of trespass onto "Plaintiffs'" property which was led to "serious and costly damage." ECF No. 21 at 10-13.

### c. Jurisdiction

The City asserts that Plaintiffs have failed to establish jurisdiction in this Court because this is an action seeking compensation for the taking of Plaintiffs' property by the state which should be raised in and remedied by a state court. ECF No. 30 at 5. In support of its argument, the City relies on two cases which it claims are indistinguishable from the instant case: (1) Fessler v. Sauer, 316 F. App'x 174 (3d Cir. 2009), which concerned the exercise of the eminent domain powers by the state; and (2) Martin v. Creasy, 360 U.S. 219 (1959), which concerned the application of the Pennsylvania Limited Access Highways Act of 1945. As Plaintiffs point out, the instant case involves neither an allegation that eminent domain was exercised nor an application of the Pennsylvania Limited Access Highways Act of 1945.

Although the complete picture of Plaintiffs' suit is very much unfocused at this point, the Amended Complaint contains federal claims which do not appear to be immaterial, made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous. Accordingly, it is recommended that the City's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(1) be denied.

### d. Statement of Claim

The City also argues that Plaintiffs have failed to state a claim upon which relief can be granted. The City first asserts that Plaintiffs' claims amount at most to a claim of trespass and thus do not establish the violation of a constitutional right. ECF No. 30 at 6-7. A review of Plaintiffs' Amended Complaint, specifically the allegations therein of violations of procedural

due process during the rezoning process, as well as a loss in value both from the rezoning of the lots and the degradation by the City's use of them, defeats the City's bald assertion.

The City also asserts, as to Count I, that Plaintiffs have failed to establish that the City did not substantially comply with the applicable notice requirements regarding zoning. Id. at 7-8. Plaintiffs allege that they did not receive required notice. At this stage of the litigation, that allegation is sufficient.

While Plaintiffs' claims against the City are far from well-established, the Court does not find them to be implausible. Accordingly, it is recommended that the City's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) be denied.

### 2. The Machi Defendants

#### a. Factual Allegations

In the Amended Complaint, Plaintiffs make the following allegations concerning the Machi Defendants. The Machi Defendants operate Exercise Warehouse on property directly in front of the subject lots. ECF No. 21 ¶ 45. For "many years," Machi encouraged members of his gym to park on the lots without repercussion from law enforcement, a benefit of his influence with local judges. Id. ¶¶ 46, 48. On September 26, 2015, "Plaintiffs" instructed Machi not to park on the lots. Id. ¶ 49. In response, Machi "picked up his phone and represented to ["]Plaintiffs["] that he was communicating with a judge and that he had permission to park on ["]Plaintiffs'["] property." Id. "Plaintiffs" have taken multiple actions to prevent Machi from parking on the lots, all of which have been met with acts of hostility and defiance from Machi. Id. ¶ 51. Machi's use has degraded the lots. Id. ¶ 53.

### b. Claims

Plaintiffs set forth the following claims against the Machi Defendants: (1) Count III: "Violation of Section §1983 [sic] Under Color of State Law" concerning the infringement upon "Plaintiffs'" property rights via a grant of official authority to do so; and (2) Count IV: "Trespass," a state law claim concerning 25 years of trespass onto "Plaintiffs'" property which was led to "serious and costly damage." ECF No. 21 at 12-13.

### c. Jurisdiction and Statement of Claim

In challenging both this Court's subject matter jurisdiction and the plausibility of Plaintiffs' Section 1983 claim against them, the Machi Defendants make one argument: the Machi Defendants did not act under color of state law. ECF No. 26 at 6-10.

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993).

Plaintiffs assert that the Machi Defendants "made unambiguous statements that they conferred with a judge – a state actor – and it was that judicial authority that gave [them] the power to take Plaintiffs' land in violation of their constitutional right to property." ECF No. 28 at 4.

The United States Court of Appeals for the Third Circuit has held:

> Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 27-28, 66 L. Ed. 2d 185, 101 S. Ct. 183 (1980); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970); *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 524 (3d Cir. 1994) ("State action may

be found if the private party has acted with the help of or in concert with state officials.").

Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d. Cir. 1998).

Accepting the allegations of the Amended Complaint as true, and gleaning the inferences therefrom the light most favorable to Plaintiffs, it appears that Plaintiffs have alleged sufficient facts to establish a plausible claim that Machi, on behalf of the Machi Defendants, participated in a conspiracy with a judge to deprive Plaintiffs of their constitutional rights. Accordingly, it is recommended that, at this early stage of litigation, the Machi Defendants' Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6) be denied.

### 3. Outstanding Issues

Assuming that this case proceeds to the summary judgment stage, the Court has identified several questions that should be answered during discovery if this case is to survive past the summary judgment stage. This list is not exhaustive.

    a. Do Plaintiffs Ernest and Despina Smalis have standing to seek relief for damage to property they do not own?

    b. Does Plaintiff Lipsoss Corp Constructors have standing to seek relief for damage that occurred to property before it purchased the property?

    c. Has the statute of limitations run on some or all of Plaintiffs' claims?

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the "Motion to Dismiss Amended Complaint Pursuant to F.R.C.P. 12(b)(1), (5), (6), and (7)," filed by Defendants Marco A. Machi, Christine Machi and Exercise Warehouse, ECF No. 25, be denied. It is further

recommended that "Defendants['] Motion to Dismiss Plaintiff's [sic] Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)," filed by Defendants the City of Pittsburgh and Department of Public Works, ECF No. 29, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2016

cc:     The Honorable David S. Cercone
        United States District Judge

        All Counsel of Record Via CM-ECF