IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST SMALIS, DESPINA SMALIS, LIPSOSS CORP CONSTRUCTORS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PITTSBURGH, DEPARTMENT OF PUBLIC WORKS, MARCO A. MACHI, CHRISTINE MACHI, and EXERCISE WAREHOUSE, <br><br> Defendants. | Civil Action No. 15-1412 <br><br> Chief Magistrate Judge Maureen P. Kelly <br><br> ECF No. 82 |

## **OPINION**

The subjects of this lawsuit are seven lots previously owned by Plaintiffs Ernest Smalis and Despina Smalis which are currently owned by Plaintiff Lipsoss Corp Constructors, a company of which Ernest Smalis is president. The gravamen of the suit is the alleged infringement upon Plaintiffs' constitutional rights as to this property via a change in zoning. Presently before the Court is a Motion for Summary Judgment filed by the sole remaining defendants in this case, City of Pittsburgh ("the City") and Department of Public Works (collectively, "Defendants"). ECF No. 82. For the following reasons, the Motion for Summary Judgment will be granted as to the federal claims raised herein.

### I. PROCEDURAL BACKGROUND

The relevant procedural history of this case is as follows. Plaintiffs Ernest Smalis and Lipsoss Corp Constructors filed an initial Complaint in this case on November 10, 2015. ECF No. 4. The operative Amended Complaint was filed by Plaintiffs Ernest Smalis, Despina Smalis

and Lipsoss Corp Constructors ("Plaintiffs") on December 21, 2015.[1] ECF No. 21. In the Amended Complaint, Plaintiffs assert four counts against Defendants: Count One – a violation of the due process under 14th Amendment; Count Two – a violation of the Fifth Amendment Takings Clause; and Count Four – a state law claim for trespass. Id. at 10-13.[2]

Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 29. That Motion to Dismiss was denied. ECF No. 40.

Defendants filed an Answer on May 16, 2016. ECF No. 44. Following intermediate procedural steps including a 90-day stay of proceedings, ECF No. 76, Defendants filed the instant Motion for Summary Judgment, a Brief in Support and an Appendix on September 22, 2017. ECF Nos. 82-83, 85. Defendants also filed a Concise Statement of Material Facts to which all parties have stipulated. ECF No. 84. Plaintiffs filed a Response to the Motion for Summary Judgment on October 20, 2017.[3] ECF No. 86. The Motion for Summary Judgment is now ripe for consideration.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d

---

[1] The Amended Complaint also named Marco A. Machi, Christine Machi and Exercise Warehouse as defendants. ECF No. 21. Plaintiff moved for and obtained a voluntary dismissal of these defendants pursuant to Federal Rule of Civil Procedure 41(a)(1). ECF Nos. 57 and 58. They have been terminated from this case.
[2] Count Three concerns only the now-dismissed defendants. ECF No. 21 at 12.
[3] The Response is titled "Plaintiffs' Response to Defendants' Motion to Dismiss," and the standard of review set forth in the Response is the standard for a motion to dismiss; however, the "Conclusion" section properly acknowledges that the instant motion is for summary judgment. ECF No. 86.

1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

### III. DISCUSSION

#### A. Redundant party: Department of Public Works

As a preliminary matter, Defendants assert that Department of Public Works should be dismissed as party because it is merely an administrative arm of the City of Pittsburgh. ECF No. 83 at 4 n.1. Plaintiffs do not respond to this assertion in their Response to the Motion for Summary Judgment. As this Court has held, sub-units of the city government are improper and unnecessary parties where the city is a party. Portante v. Windber Borough, Civ. A. No. 07-123, 2007 U.S. Dist. LEXIS 56734, at *4 (W.D. Pa. Aug. 3, 2017) (citing Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993)). Accordingly, Department of Public Works will be dismissed with prejudice. Remaining references to the instant movant will be as to the City only.

B.   Ripeness

In support of the Motion for Summary Judgment, the City argues that Plaintiffs' federal claims lack ripeness and are thus not properly before this Court. ECF No. 83 at 3-4.[4] In Counts One and Two, Plaintiffs assert violations of the United States Constitution stemming from a 2005 zoning change made by the City to the subject property. ECF No. 21 ¶¶ 54-70.

It is undisputed that Plaintiffs never applied for, were denied or appealed the denial of a variance for the property in question. ECF No. 84 ¶ 5. It is further undisputed that Plaintiffs did not initiate a takings claim under any procedure provided by state law as to the property in question. Id. ¶ 7. Because Plaintiffs failed to utilize these remedies and thus failed to allow the City to render any decision thereupon, the City argues, Plaintiffs' related claims are not ripe. ECF No. 83 at 3-4 (citing E&R Enterprise LLC v. City of Rehoboth Beach, Delaware, 650 F. App'x 811, 813-14 (3d Cir. 2016) (explaining that the United States Court of Appeals for the Third Circuit holds that a property owner is barred from bringing as-applied due process claims in land-use cases until zoning authorities issue final decision on land in question); Brubaker v. East Hempfield Twp., 234 F. App'x 32, 36 (3d Cir. 2007) (holding that the plaintiff's failure to utilize state remedies rendered his as-applied takings claim unripe)).

In opposition to the Motion for Summary Judgment, Plaintiffs do not dispute the validity of the City's argument as to as-applied claims; however, they argue that the argument does not apply in this case because Plaintiffs' attack on the zoning ordinance is facial, not as-applied to them. ECF No. 86 at 2-4 (citing County Concrete Corp. v. Twp. of Roxbury, 442 F.3d 159, 164 (3d Cir. 2009)).

---

[4] The City notes, but does not seek relief upon, "numerous other valid defenses" such as lack of standing and statute of limitations. ECF No. 83 at 2. The Court noted its concern as to these areas in its disposition of the Motion to Dismiss. ECF No. 21 at 9.

In County Concrete, the United States Court of Appeals for the Third Circuit illustrated the necessary steps to ripeness for similar claims. The Court explained that the first prong of the relevant ripeness test, announced by the United States Supreme Court in Williamson Cty. Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 186, 194-95 (1985), requires a determination as to whether the challenge to the ordinance in question is facial or as-applied. County Concrete, 442 F.3d at 164. The Williamson ripeness test will be applied to Plaintiffs' claims separately.

### 1. Count One - Due Process

In Count One, Plaintiffs claim that the City failed to afford Plaintiffs notice of and a hearing on the rezoning, in violation of the due process clause of the 14th Amendment. ECF No. 21 ¶ 63. Because this claim does not concern the text of the ordinance, but is based on the particular circumstances of Plaintiffs' lack of notice and opportunity to be heard, this claim is an as-applied challenge to the ordinance. See United States v. Marcavage, 609 F.3d 264, 273 (3d Cir. 2010) (explaining the difference between facial and as-applied attacks). Accordingly, Plaintiffs' assertion to the contrary (i.e., that their challenge is ripe because it is a facial attack) is incorrect and their claim is not ripe. Thus, the City is entitled to judgment as a matter of law on Count One.

### 2. Count Two - Takings

In Count Two, Plaintiffs claim that the rezoning stripped the Plaintiffs of any economically viable use of the property in violation of the Takings Clause of the Fifth Amendment. ECF No. 21 ¶ 70. Plaintiffs do not challenge any particular decision of the City or application of the ordinance to their property. As was the case in County Concrete, Plaintiffs allege that the enactment of the ordinance denied them all economically viable use of their

5

property in all of its applications. Id. As such, this challenge is a facial one. County Concrete, 442 F.3d at 165. However, the ripeness inquiry does not end there.

As the United States Court of Appeals for the Third Circuit further explained in County Concrete, the second prong of the Williamson ripeness test requires that a plaintiff exhaust the state's procedure for seeking just compensation before bringing a claim for violation of the Takings Clause. Id. at 167-68. As the Court explained:

> The second prong of the Williamson ripeness test states that "if a State provides an adequate procedure for seeking just compensation," the plaintiff must have exhausted this procedure in order for his or her Takings claim to be ripe for federal adjudication. Williamson, 473 U.S. at 194-95. … Because the Fifth Amendment bars not just the "taking" of property, but the taking of property "without just compensation," a plaintiff "cannot claim a violation of the Just Compensation Clause until" he or she has exhausted a state's "procedure for seeking just compensation." Id. at 194-95 & 194 n.13. Only then can a Takings claimant allege that he or she has actually been denied just compensation, and, thus, only then is his or her Takings claim ripe. Id. at 195. …
>
> While the fact that [plaintiffs] allege a facial Just Compensation Takings claim against the Ordinance may save them from the finality rule, it does not relieve them from the duty to seek just compensation from the state before claiming that their right to just compensation under the Fifth Amendment has been violated. This is true regardless of whether a property-owner claims that he was deprived of all of his property's economically viable uses by the mere enactment of a zoning ordinance, or by a municipality's application of a facially-neutral zoning ordinance to that land. See Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 405-06 (9th Cir. 1996).

County Concrete, 442 F.3d at 167-68.

In this case, Plaintiffs admittedly failed to initiate a takings claim under any procedure provided by state law as to the property in question. ECF No. 84 ¶ 7. Accordingly, Plaintiffs' takings claim is not ripe and it may not be brought here. The City is thus entitled to judgment as a matter of law on Count Two.

6

### C. Remaining state law claim: Count Four- Trespass

At this juncture, Plaintiffs' federal claims have been found to be nonviable. Where all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). Finding no extraordinary circumstances that warrant the exercise of supplemental jurisdiction over Plaintiffs' state law claim of trespass have been found, this Court declines to exercise its supplemental jurisdiction and will instead dismiss Plaintiffs' state law claim without prejudice to Plaintiffs' ability to refile it in state court.

## IV. CONCLUSION

For the reasons set forth above, the instant Motion for Summary Judgment will be granted as to Counts One and Two. Plaintiffs' sole remaining claim, a state law claim of trespass against the City at Count Four, will be dismissed without prejudice to Plaintiffs' ability to refile it in state court. This case will be closed.

# **ORDER**

AND NOW, this 14th day of February, 2018, IT IS HEREBY ORDERED that Defendant Department of Public Works is DISMISSED with prejudice from this case.

IT IS FURTHER ORDERED that the Motion for Summary Judgment, ECF No. 82, is GRANTED as to Counts One and Two.

IT IS FURTHER ORDERED that the sole remaining claim, a state claim of trespass at Count Four, is dismissed without prejudice to Plaintiffs' ability to refile it in state court.

The Clerk is directed to mark this case CLOSED.

By the Court:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record Via CM-ECF